UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DOUGLAS EVERY,

                             Petitioner,               9:18-cv-1126 (BKS/ATB)

v.

HAROLD GRAHAM, *Superintendent,*
*Auburn Correctional Facility*,

                             Respondent.
_____

**Appearances:**

*For Petitioner:*
Easton Thompson Kasperek Shiffrin, LLP
Brian Shiffrin
16 West Main Street, Suite 243
Rochester, NY 14614

*For Respondent:*
Letitia James
Attorney General of the State of New York
Priscilla I. Steward
Alyson J. Gill
Assistant Attorney General, of Counsel
28 Liberty Street
New York, NY 10005

**Hon. Brenda K. Sannes, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I.    INTRODUCTION

On September 19, 2018, Douglas Every filed a petition seeking a writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for manslaughter in the first degree, asserting that he was denied his constitutional right to effective assistance of counsel. (Dkt. Nos. 1, 3). Respondent filed a response to the petition on December 18, 2018, and Petitioner filed a traverse on December 27, 2018. (Dkt. Nos. 7, 9). This matter was referred to United States Magistrate

Judge Andrew T. Baxter who, on October 21, 2019, issued a Report-Recommendation recommending that the petition be denied and dismissed and that a certificate of appealability be denied. (Dkt. No. 10). Petitioner has filed objections to the Report-Recommendation, (Dkt. No. 11), to which the Respondent has responded. (Dkt. No. 12). For the reasons set forth below, the Report-Recommendation is adopted in its entirety, and the petition is denied and dismissed.

## II. APPLICABLE STANDARDS

### A. Review of the Report-Recommendation

This court reviews *de novo* those portions of the Magistrate Judge's findings and recommendations that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228–29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). "A proper objection identifies the specific portions of the [Report-Recommendation] that the objector asserts are erroneous and provides a basis for this assertion." *Kruger v. Virgin Atl. Airways, Ltd.*, 976 F. Supp. 2d 290, 296 (E.D.N.Y. 2013) (internal quotation marks omitted). Properly raised objections must be "specific and clearly aimed at particular findings" in the report. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009). Findings and recommendations as to which there was no properly preserved objection are reviewed for clear error. *Petersen*, 2 F. Supp. 3d at 229. To the extent a party makes "merely perfunctory responses, argued in an attempt to engage the district court in a rehashing of the same arguments" made in the original submission, the Court will only review for clear error. *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

### B. Ineffective Assistance of Counsel

To demonstrate constitutionally ineffective assistance of counsel, a petitioner "must (1) demonstrate that his counsel's performance fell below an objective standard of reasonableness in

light of prevailing professional norms; and (2) affirmatively prove prejudice arising from counsel's deficient representation." *Carrion v. Smith*, 549 F.3d 583, 588 (2d Cir. 2008) (internal quotation marks and citations omitted); *Strickland v. Washington*, 466 U.S. 668, 688 (1984). "*Strickland* does not guarantee perfect representation, only a reasonably competent attorney." *Harrington v. Richter*, 562 U.S. 86, 110 (2011) (quoting *Strickland*, 466 U.S. at 687) (internal quotation marks and further citation omitted). As a general matter, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. As Magistrate Judge Baxter noted, a habeas petitioner must show both that counsel's performance was unreasonable and that the state court's application of the *Strickland* standard was unreasonable. (Dkt. No. 10, at 7–8) (citing *Santana v. Capra*, 284 F Supp. 3d 525, 538 (S.D.N.Y. 2018)).

### III. DISCUSSION

Petitioner challenges his conviction for manslaughter in the first degree, in violation of N.Y. Penal Law § 125.20(1), following a jury trial in Tioga County Court. In describing the evidence at trial, the Appellate Division noted that it was "uncontroverted" that the petitioner stabbed the victim. *People v. Every*, 146 A.D. 3d 1157, 1158 (3d Dep't 2017), *aff'd* 29 N.Y.3d 1103 (2017). "At trial, [Petitioner] raised the defense of justification and further contended the victim had lunged toward him and impaled himself on the knife." *Id.* The jury acquitted petitioner of murder in the second degree but convicted him of the manslaughter charge as a lesser included offense. *Id.*

The Appellate Division affirmed the judgment of conviction, with one justice dissenting, and the New York Court of Appeals affirmed that order. *People v. Every*, 146 A.D. 3d 1157 (3d Dep't 2017), *aff'd* 29 N.Y.3d 1103 (2017). The Appellate Division rejected Petitioner's ineffective assistance of counsel claims. *Every*, 146 A.D.3d at 1163–66. Specifically, the court

3

rejected the Petitioner's claims challenging trial counsel's failure to object to: (1) evidence that Petitioner could have retreated from the confrontation; (2) alleged prosecutorial misconduct during summation; (3) a pattern jury instruction defining dwelling; and (4) medical testimony describing the victim's death as a homicide.[1] In affirming that order, the New York Court of Appeals found that Petitioner "failed to meet his burden of 'demonstrati[ing] the absence of strategic or other legitimate explanations for counsel's alleged failure[s]'" *Every*, 29 N.Y. 3d at 1104 (alterations in original) (quoting *People v. Wragg*, 26 N.Y.3d 403, 409 (2015)).

In this action, Petitioner again challenges trial counsel's failure to object: (1) to evidence and statements by the prosecutor regarding petitioner's ability to retreat; (2) to the definition of a dwelling in the pattern jury instruction on the duty to retreat; (3) to witnesses' testimony that the victim's death was a homicide; and (4) to the prosecutor's closing summation. (Dkt. No. 3). Magistrate Judge Baxter thoroughly considered each of these claims in his Report-Recommendation and concluded that the state courts did not unreasonably apply *Strickland* in rejecting petitioner's claims for ineffective assistance of counsel. (Dkt. No. 10). Specifically, Magistrate Judge Baxter concluded that the state courts' application of *Strickland* was not unreasonable because: (1) the disputed trial evidence and statements made by the prosecutor regarding the ability to retreat were properly considered by the jury; (2) any likelihood of confusion regarding the dwelling instruction was minimal; (3) failing to object to testimony characterizing the victim's death as a homicide was harmless error, to the extent there was no dispute that the stab wound caused the death, and petitioner failed to rebut the presumption that this was a trial tactic; and, (4) with respect to the closing statements, "the prosecutor's

---

[1] The dissenting justice concluded that, when considered cumulatively, the failures to object deprived Petitioner of meaningful representation. *Every*, 146 A.D. 3d at 1171–72.

challenged comments were responsive to the defense's summation or a fair summary of and comment on the trial evidence." (*Id.* at 9–16).

In his objections, Petitioner argues that Magistrate Judge Baxter: (1) erroneously concluded that evidence and summation argument concerning the Petitioner's ability to retreat was admissible; (2) inaccurately assessed the strength of the prosecutor's case in analyzing the trial court's erroneous jury instruction defining a dwelling; and (3) erroneously assessed the prejudicial impact of the prosecutor's summation arguments and the expert testimony that the stabbing was a homicide. (Dkt. No. 11). Respondent, on the other hand, argues that the Report-Recommendation should be adopted because: (1) Magistrate Judge Baxter properly found the challenged evidence admissible; (2) there was little likelihood of any jury confusion concerning the dwelling instruction; and (3) petitioner's remaining objections "merely reiterate the claims he asserted in his initial petition." (Dkt. No. 12, at 1).

Having reviewed de novo the evidentiary issue regarding the ability to retreat evidence, the Court agrees with Magistrate Judge Baxter. Under New York Penal Law 35.15(2)(a)(i), an individual may not use deadly physical force upon another person unless:

> (a) the actor reasonably believes that such other person is using or about to use deadly physical force. Even in such case, however, the actor may not use deadly physical force if he or she knows that with complete personal safety, to oneself and others he or she may avoid the necessity of so doing by retreating; except that the actor is under no duty to retreat if he or she is:
> (i)   in his or her dwelling *and* not the initial aggressor.

(emphasis added). Evidence that an accused was the initial aggressor negates a justification defense. *People v. Clark*, 129 A.D.3d 1, 24 (2d Dep't 2015). A person is the "initial aggressor" with respect to deadly physical force if he responds to the use of non-deadly physical force with the first use of deadly physical force. *People v. Brown*, 33 N.Y.3d 316, 321 (2019) (quoting

5

*People v. McWilliams*, 48 A.D.3d 1266, 1267 (4th Dep't 2008)). The New York Court of Appeals has explained,

> When justification is in issue, the trier of fact must first determine whether the defendant was the initial aggressor. If the answer to this question is yes, the justification defense is generally not available to defendant. If the answer to this question is no, the trier of fact must then determine whether defendant's conduct (e.g., use of deadly force) was reasonable. Thus, the initial aggressor and reasonableness questions represent separate components of the justification defense.

*People v. Petty*, 7 N.Y.3d 277, 285 (2006) (citations omitted).

Here, the evidence and statements by the prosecutor were, as the Appellate Division found, "highly probative" on the reasonableness component of the justification defense. *Every*, 146 A.D.3d at 1164. And, as Magistrate Judge Baxter determined, the evidence was also relevant to the jury's consideration of the justification defense because the jury could have concluded from the testimony of the victim's cousin, who was in the house during the incident, that Petitioner was the initial aggressor, who had a duty to retreat. (Dkt. No. 10, at 10). Magistrate Judge Baxter's analysis did not, as Petitioner argues, misapply binding state law. The Appellate Division's majority decision did not specifically address the relevance of the evidence and statements at issue beyond finding it relevant to the Petitioner's reasonable perceptions. Petitioner's challenge to defense counsel's failure to seek a limiting instruction is without merit because there was no basis for limiting the jury's consideration of this evidence to only the reasonableness component of the justification defense.

With respect to the trial court's dwelling instruction, Petitioner asserts that the jury might have interpreted this language to mean that he did not have a duty to retreat from a co-occupant.

(Dkt. No. 11, at 23).[2] Petitioner argues that the evidence disproving his justification defense "was sharply contested at trial and not overwhelming." (Dkt. No. 11, at 25). The contested issues, however, had nothing to do with whether the incident occurred in Petitioner's dwelling. Petitioner has not challenged the fact that "all of the trial testimony unequivocally described the residence where the crime occurred as defendant's home, and there was no suggestion at any time in the testimony or arguments that the shared use of the kitchen by the defendant and his tenants altered that fact or gave rise to any duty to retreat." *Every*, 146 A.D.3d at 1165. The Court concurs with Magistrate Judge Baxter's determination that the failure to object to this definitional instruction does not give rise to ineffective assistance under *Strickland*.

The Court has reviewed Petitioner's remaining objections, which rehash the arguments he made in his original submissions, for clear error and found none. *See Ortiz*, 558 F. Supp. 2d at 451.

For these reasons, it is

**ORDERED** that the Report-Recommendation (Dkt. No. 10) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the petition (Dkt. No. 1) is **DENIED AND DISMISSED;** and it is further

**ORDERED** that no Certificate of Appealability ("COA") be issued because Petitioner has failed to make "a substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2). Any further request for a COA must be addressed to the Court of Appeals (Fed. R. App. P. 22(b)); and it is further

---

[2] The record does not appear to support Petitioner's assertion that the trial court repeated the definition of dwelling when, at the jury's request, it repeated the substantive charge. *Compare* T. 1077-78 (original charge, with definition of dwelling) *with* T. 1404-17 (charge repeated, without definition of dwelling).

**ORDERED** that the Clerk serve a copy of this Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: April 13, 2020
       Syracuse, New York

*Brenda K. Sannes*
Brenda K. Sannes
U.S. District Judge